IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEE ALDEN MOONEY,            )
                             )
    Petitioner,              )
                             )
v.                           )   Civil Action No. 3:21-cv-579–HEH
                             )
HAROLD CLARKE,               )
                             )
    Respondent.              )

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2254 Petition)**

Lee Alden Mooney, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 challenging his convictions for abduction by force, assault and battery of a household or family member (third offense), and strangulation in the Circuit Court of New Kent County ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Amended Motion to Dismiss (ECF No. 34) will be granted.[1]

## I. PROCEDURAL HISTORY

### A.  State Direct Appeal and Habeas

Following his convictions of abduction by force, assault and battery of a household or family member (third offense), and strangulation in the Circuit Court,

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

Mooney pursued an appeal to the Supreme Court of Virginia. On June 29, 2018, the Supreme Court of Virginia refused Mooney's petition for appeal. (ECF No. 35-3 at 1.)

On May 31, 2019, Mooney filed his initial state habeas petition with the Supreme Court of Virginia. Pet. for a Writ of Habeas Corpus at 1, *Mooney v. Clarke*, No. 190819 (Va. filed May 31, 2019). On June 17, 2019, Mooney filed a corrected petition for a writ of habeas corpus with the Supreme Court of Virginia. Pet. for a Writ of Habeas Corpus at 1, *Mooney v. Clarke*, No. 190819 (Va. filed June 17, 2019). On August 12, 2020, the Supreme Court of Virginia dismissed Mooney's petition for a writ of habeas corpus. (ECF No. 35-4 at 1.)

### B. Petitions for a Writ of Mandamus

On August 31, 2020, Mooney filed a petition for a writ of mandamus with the Supreme Court of Virginia. ("First Petition for a Writ of Mandamus," ECF No. 35-5 at 1.) In the First Petition for a Writ of Mandamus, Mooney requested that the Supreme Court of Virginia direct the Sheriff of New Kent County to provide him with certain information that he alleged they had collected during their investigation of his crimes. (*Id.* at 1–9.) On March 25, 2021, the Supreme Court of Virginia dismissed the First Petition for a Writ of Mandamus. (ECF No. 35-6 at 1.)

On September 23, 2020, Mooney filed another petition for a writ of mandamus with the Supreme Court of Virginia. ("Second Petition for a Writ of Mandamus," ECF No. 35-6 at 2.) In the Second Petition for a Writ of Mandamus, Mooney requested that the Supreme Court of Virginia direct St. Mary's Hospital to provide him with his victim's x-rays and the findings from those x-rays. (ECF No. 35-5 at 12–16.) On March 25,

2021, the Supreme Court of Virginia dismissed the Second Petition for a Writ of Mandamus. (ECF No. 35-6 at 2.)

### C.   § 2254 Petition

On August 10, 2021, Mooney filed his § 2254 Petition with this Court.[2] (ECF No. 1 at 15.) By Memorandum Order entered on August 24, 2022, the Court concluded that Mooney needed to clarify his grounds for federal habeas. (ECF No. 25 at 3–4.) The Court directed Mooney to provide a clear and concise statement of his claims and the relevant supporting facts. (*Id.* at 4.) In his response to the August 24, 2022 Memorandum Order, Mooney asserted that he was entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "Petitioner's conviction was a result of (IAC) ineffective assistance of counsel, when counsel failed to investigate even when a minimal investigation would have brought to light facts of innocence." (ECF No. 31 at 2.) |
| Claim Two | "Petitioner's conviction was the result of the withholding of exculpatory evidence in violation of his 5th and 14th Amendment to the United States Constitution rights [sic]. See Brady v. Maryland, 373 U.S. 83 (1983)." (*Id.* at 10.) |
| Claim Three | "Counsel was ineffective on direct appeal when he failed to raise issue of material conflict . . . . Appellate counsel was put on notice of [this] claim that was stronger than the claims in which he brought before the court." (*Id.* at 15.) |
| Claim Four | Petitioner's rights were violated when the Circuit Court failed to adequately inquire into Petitioner's dissatisfaction with counsel and award Petitioner substitute counsel. (*Id.* at 18.) |

---

[2] The Court deems the petition filed on the date Mooney executed his request for federal habeas relief and placed it in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Mooney's judgment became final for the purposes of the AEDPA on Thursday, September 27, 2018, when the time for filing a petition for a writ of certiorari with the

Supreme Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1). The limitation period began to run on September 28, 2018, and ran for 245 days before Mooney filed his state petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(2).

B. **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period. The statute of limitations was tolled until the Supreme Court of Virginia denied Mooney's petition for a writ of habeas corpus on August 12, 2020. *Wall v. Kholi*, 562 U.S. 545, 552, (2011) ("[O]ur cases make it clear that habeas corpus is a form of collateral review."). The statute of limitations began to run again the next day and ran for another 362 days before Mooney filed his § 2254 Petition in this Court on August 10, 2021.[3]

---

[3] Mooney also asserts that the limitation period was tolled while his "Motion for a New Investigation" was pending. (ECF No. 40 at 6.) Mooney did not file the Motion for a New Investigation until June 28, 2021. Motion for New Investigation at 1, *Commonwealth v. Mooney*, Nos. CR16000098-00,01, 02 (Va. Cir. Ct. filed June 28, 2021). Because the limitations period had expired on Friday, December 11, 2020, well before Mooney filed the Motion for a New Investigation, this Motion had no impact on the statute of limitations. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")

Whether Mooney's First and Second Petition for a Writ of Mandamus warrant statutory tolling turns on whether they constitute "an application for State postconviction or other collateral review with respect to the pertinent judgment" within the meaning of § 2244(d)(2). The Supreme Court has held that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 553. "Read straightforwardly, this passage says that 'review' occurs when a reviewing court reconsiders the work of the original court to correct any error or infelicity committed by that original court—or rather, submits that original court's work to examination for potential revision." *Collins v. Ercole*, 667 F.3d 247, 251 (2d Cir. 2012). Therefore, where the postconviction motion contains "no request that [a] conviction or sentence be reexamined. . . . [but] requested only information. . . . the motion did not toll AEDPA's limitations period." *Woodward v. Cline*, 693 F.3d 1289, 1293 (10th Cir. 2012) (observing that, "[i]n essence the motion was a request for discovery"). Other courts have observed that it is "well-settled that a discovery motion does not" toll the AEDPA's limitations period. *Brown v. Sec. for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008); *see Price v. Pierce*, 617 F.3d 947, 952–54 (7th Cir. 2010); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001).

Here, Mooney's First and Second Petition for a Writ of Mandamus did not challenge or seek review of his conviction or sentence. *See, e.g., Harris v. Dir., Virginia Dep't of Corr.*, 282 F. App'x 239, 240, 243 (4th Cir. 2008) (concluding that petition for a writ of mandamus asserting ineffective assistance of counsel and seeking relief from his guilty plea was entitled to statutory tolling under § 2244(d)(2)). Rather, Mooney's First

6

and Second Petition for a Writ of Mandamus were in essence requests for discovery directed to the Supreme Court of Virginia. As such, they do not qualify for statutory tolling. *Woodward*, 693 F.3d at 1293; *Brown*, 530 F.3d at 1338.

Because the limitations period ran 607 days before Mooney filed his § 2254 Petition, it is barred by the statute of limitations unless he demonstrates an entitlement to a belated commencement of the limitation period or an equitable exception applies.

### C.     Belated Commencement

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). A habeas applicant who "merely alleges that [he] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition).

7

Here, Mooney seeks a belated commitment of the limitation period because the prosecution failed to provide him with: a strangulation kit and the results of any testing on the strangulation kit; and a soft tissue x-ray of the victim's neck. Mooney contends that the failure to provide this information violated *Brady v. Maryland*, 373 U.S. 83 (1983).[4] Both the strangulation kit and the x-ray are mentioned in the Forensic Nurse Examiner's report. The Forensic Nurse Examiner testified at trial and read extensively from her report. (*See, e.g.*, Oct. 17, 2016 Tr. 76–77.) From defense counsel's cross-examination, it is apparent that defense counsel possessed a copy of the Forensic Nurse Examiner's report. Therefore, at the time of trial or at the least by the conclusion of the direct appeal,[5] with reasonable diligence, Mooney could have discovered the factual predicates of his claims that he had not been provided with the x-rays, the strangulation

---

[4] Mooney also contends that the prosecution violated his right under *Brady* when it failed to provide multiple police reports. (ECF No. 31 at 12–13.) Mooney fails to state when he obtained the reports, much less demonstrate that with reasonable diligence he could not have obtained them before September 27, 2018, when his conviction became final. In any event, Mooney fails to demonstrate that these reports were exculpatory and material. For example, Mooney notes these undisclosed reports contained statements from the victim that were not "said at trial." (*Id.* at 13.) As reflected below, these omissions, however, are damning and are not exculpatory:

> For example, [the victim] in the follow up (more formal interview quoting Deputy Johnstone from his narrative) stated that [Lee Mooney, "LM"] said he was going to choke her to death, that (LM) called her a F**king Whore, and (LM) said he didn't care because he had failed a drug test. None of this was included in her testimony at either trial.

(*Id.*)

[5] In fact, with respect to the allegedly undisclosed evidence, Mooney acknowledges that he "did not know of these violations until [] after trial and furthermore brought these issues up with his appellate counsel in a letter to him." (ECF No. 31 at 14.)

8

kit, or any testing from the strangulation kit.[6] Accordingly, Mooney fails to demonstrate that he is entitled to a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(D).

### D. Equitable Tolling

Next, Mooney contends that his § 2254 Petition is timely due to the COVID-19 pandemic and lockdowns at his institution. Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).

Here, the limitation period began running on September 28, 2018, and ran for 245 days before Mooney filed his initial state petition for a writ of habeas corpus on May 31, 2019. As COVID-19 had yet to appear in this country during that period, it does not provide an extraordinary circumstance that would warrant equitable tolling during this

---

[6] Mooney has not demonstrated that any evidence related to these undisclosed items, or anything else that was not produced, is actually exculpatory.

period. The Supreme Court dismissed the state habeas petition on August 12, 2020 and the limitation period began running the next day. Mooney fails to describe what efforts, if any, he made to file his § 2254 Petition during the remaining 120 days of the limitation period.[7] Generally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, "[t]he word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). "Simply put, [Mooney] fails to

---

[7] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Mooney's sparse allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, the Court rejects Mooney's request to equitably toll the limitation period.

### III. CONCLUSION

Mooney's Motion for the Appointment of Counsel (ECF No. 41) will be denied. The Amended Motion to Dismiss (ECF No. 34) will be granted. The § 2254 Petition will be denied. The action will be dismissed. A certificate of appealability is denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 9, 2023
Richmond, Virginia

11